In re Application of Charles E. McMonies for Writ of Habeas Corpus.

Filed February 8, 1906. No. 14,097.

1. **Villages: Pool-Halls, Regulation of.** The charter of villages .confers on the trustees of the village power to regulate billiard and pool-halls, but not to suppress them. Authority to regulate does not give power to suppress. *State v. McMonies, ante,* p. 443, followed and approved.

2. **The writ of habeas corpus** will lie to relieve the relator therefor from arrest and detention for the violation of the provisions of a void municipal ordinance.

Error to the district court for Burt county: Edmund M. Bartlett, Lee S. Estelle and William A. Redick, Judges. *Reversed with directions.*

*H. H. Bowes* and *J. A. Singhaus,* for plaintiff in error.

*P. E. Taylor* and *E. D. Wigton, contra.*

Oldham, C.

This was an application for a writ of habeas corpus to the district court for Burt county, Nebraska. The application recites that the relator, Charles E. McMonies, was illegally restrained of his liberty by the respondent, J. F. King, marshal of the village of Lyons, Nebraska, under a warrant issued by respondent, Paul Calnon, justice of the peace in said village, on a complaint filed by one George W. Davis, charging the relator with the violation of ordinance No. 90 of the village of Lyons prohibiting the keeping of any billiard or pool-hall for hire in said village. The respondents by way of return admitted the arrest of the relator under the warrant, as stated in the application, but alleged that the warrant was legally issued on a complaint filed before the justice of the peace for a violation of the provisions of ordinance No. 90, which ordinance was alleged to have been regularly

passed and a valid and binding ordinance. On issues thus joined the court denied the writ and remanded the relator to the custody of the village marshal. To reverse this judgment the relator brings error to this court.

The validity of the identical ordinance in question has just been determined by this court in an able and exhaustive opinion by DUFFIE, C., in *State v. McMonies, ante,* p. 443, and it is there held that "the charter of villages confers on the trustees of the village power to regulate billiard and pool-halls, but not to suppress them. Authority to regulate does not give power to suppress." As this decision determines that the ordinance, for the violation of which the complaint was filed, is void for lack of power in the village board to enact the same, the only question to be determined is as to whether or not the writ of *habeas corpus* will lie for relief from an arrest for the violation of a void ordinance. The *habeas corpus* act of this state (cr. code, sec. 353) provides, among other things, for the writ on application of any one who "shall be unlawfully deprived of his or her liberty." As to the nature of the detention which will authorize the issuance of the writ, it was determined, under an act similar to our own, by the supreme court of the state of Pennsylvania, in *Commonwealth v. Ridgway,* 2 Ashm. 247, that, "whenever a person is deprived of the privilege of going when and where he pleases, he is restrained of his liberty, and has a right to inquire if that restraint be illegal and wrongful; and that whether it be exercised by a jailer, constable or private individual."

The writ of *habeas corpus* is a writ of liberty and not of error, and it will issue, not for the purpose of correcting errors in a proceeding of a court of competent jurisdiction, but rather for the purpose of determining the legality of the restraint. Where the arrest is made upon process issued from a court without jurisdiction, or where the process is based on the provisions of a void statute, or a void municipal ordinance, *habeas corpus* will lie to relieve the relator from such confinement or restraint. *Ex*

*parte Grace,* 9 Tex. App. 381; *In re Gribben,* 5 Okla. 379; *Ex parte Keeney,* 84 Cal. 304.

We are therefore of opinion that the district court erred in refusing relator's application for the writ prayed for, and we recommend that the judgment of the district court be reversed and the cause remanded, with directions to the court below to issue the writ as prayed for in relator's application.

AMES, C., concurs.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with directions to the court below to issue the writ as prayed for in the relator's application.

JUDGMENT ACCORDINGLY.