[Civ. No. 541. Second Appellate District.—November 23, 1908.]

## J. J. KEITH, Appellant, v. RECORDER'S COURT OF THE CITY OF SANTA ANA, ORANGE COUNTY, and J. A. WILSON, Recorder Thereof, Respondents.

PROHIBITION—TRIAL IN POLICE COURT—WANT OF JURISDICTION—INSUFFICIENT COMPLAINT—REMEDY BY APPEAL.—The writ of prohibition will not lie to prevent the trial of a criminal case in the police court for alleged violation of a city ordinance, upon the ground that such court has no jurisdiction for insufficiency of the complaint to state a public offense, and that the complaint shows on its face that the charge is barred under section 801 of the Penal Code, the defendant having a plain, speedy and adequate remedy by appeal to the superior court.

ID.—REFUSAL OF WRIT IN SUPERIOR COURT.—The fact that the writ was refused in the superior court, and its decision adverse to petitioner comes here for review by appeal, cannot take the case out of the ordinary rule as to the remedy by appeal to the superior court.

ID.—PRESUMPTION AS TO DECISION ON DIRECT APPEAL.—It cannot be presumed, because the superior court has determined the questions involved adversely to the petitioner on his application therein for the writ of prohibition, that it will err in its rulings therein upon a direct appeal thereto.

ID.—REMEDY BY WRIT OF HABEAS CORPUS—SUFFICIENCY OF COMPLAINT IN INFERIOR COURT DETERMINABLE.—The writ of *habeas corpus* is

always available to one convicted without legal warrant; and in criminal proceedings instituted before an inferior court, the sufficiency of the complaint can be considered upon an application for such writ.

APPEAL from a judgment of the Superior Court of Orange County denying a peremptory writ of prohibition, and discharging an alternative writ.   Z. B. West, Judge.

The facts are stated in the opinion of the court.

Clyde Bishop, and F. O. Daniel, for Appellant.

Victor Montgomery, and W. F. Heathman, for Respondents.

ALLEN, P. J.—Appeal by petitioner from an order and judgment denying a peremptory writ of prohibition and discharging an alternative writ theretofore issued.

The petition for the writ of prohibition alleges that upon a complaint filed petitioner was arrested for the violation of an ordinance of the city of Santa Ana, and respondent court, after denying petitioner's motion to dismiss and overruling a demurrer to the complaint, had set the cause down for trial. It is alleged that the complaint under which the arrest was made did not set forth facts constituting a public or any offense, and was defective in many other specified particulars; that the prosecution was barred by the provisions of section 801 of the Penal Code; for which reasons the court was without jurisdiction to hear and determine the cause.

Conceding that the complaint upon which the criminal proceedings against petitioner were based was defective in all of the respects claimed, and on account thereof, or for any other reason, the jurisdiction of the recorder's court was wanting, and by reason whereof a conviction thereunder could not be sustained, nevertheless, under the rule laid down in *Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765], the remedy by appeal from an adverse judgment is a plain, speedy and adequate one in the ordinary course of law, by reason of which prohibition will not lie.   There are no features presented in this record which should take the case out of the general rule, as was the case in *Ophir Silver Min. Co.* v. *Superior Court,* 147 Cal. 467, [82 Pac. 70].   The mere fact that the appeal would lie only to the superior court of Orange county, which court had once determined the ques-

tions presented adversely to petitioner, presents no reason for taking the case out of the rule. If, as claimed, that court erred when the case was before it on application for this writ, we may not assume that upon an appeal from the judgment, and after more mature consideration, it will continue in such error. In addition, the writ of *habeas corpus* is always available to one convicted without legal warrant, and in criminal proceedings instituted before an inferior court the sufficiency of the complaint can be considered upon an application for such writ. (*Ex parte Greenall*, 153 Cal. 767, [96 Pac. 804].)

We see no error in the record, and the judgment is affirmed.

Shaw, J., and Taggart, J., concurred.