[Civ. No. 1045. Second Appellate District.—March 1, 1912.]

## THOMAS V. CASSIDY, Petitioner-Respondent, v. T. B. CANNON, Justice of the Peace of Gardena Township, County of Los Angeles, etc., Respondent-Appellant.

WRIT OF PROHIBITION—CHARGE BEFORE ONE JUSTICE OF THE PEACE OF MISDEMEANOR OF ANOTHER—REFUSAL TO ALLOW INSPECTION OF DOCKET.—The writ of prohibition will not lie to restrain one justice of the peace from trying another justice of the peace for misdemeanor in refusing to permit an inspection and examination of his docket during office hours, since justices of the peace have jurisdiction of misdemeanors, and the affidavit filed before such other justice was an attempt to set up facts constituting a misdemeanor, the sufficiency of which to show a misdemeanor he had jurisdiction to pass upon and determine, rightfully or wrongfully, and the superior court erred in granting the writ.

ID.—OFFICE OF WRIT OF PROHIBITION.—The writ of prohibition is not a writ of error to determine the correctness of the decision of an inferior tribunal, but it only lies where a public officer is proceeding without or in excess of jurisdiction, and no plain, speedy and adequate remedy at law exists.

ID.—PUBLIC OFFENSE NOT STATED—REMEDY BY HABEAS CORPUS.—If, as claimed by the petitioner for the writ of prohibition, no facts are averred constituting a public offense, he has ample relief, in case he is found guilty, through a writ of *habeas corpus*.

ID.—REFUSAL OF OFFICER TO PERFORM A PUBLIC DUTY—REMEDIES.—The refusal of an officer to perform a public duty amounts to an omission in that regard, and is a misdemeanor under section 176 of the Penal Code, or he may be proceeded against under section 772 of the Penal Code. (Opinion denying rehearing by appellate court.)

ID.—OPINION ON PETITION FOR REHEARING IN SUPREME COURT—LIMITATION OF DENIAL.—The supreme court, on denial of a rehearing, bases its order on the last above decision, which shows sufficient ground for reversal of the judgment, and no opinion is expressed as to the other doctrines stated in the original opinion.

APPEAL from a judgment of the Superior Court of Los Angeles County granting a writ of prohibition to a justice's court. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Randall & Gaines, for Respondent-Appellant.

Hester, Merrill & Craig, for Petitioner-Respondent.

ALLEN, P. J.—Petitioner presented his affidavit to the superior court of Los Angeles county in which it was alleged that he was a qualified and acting justice of the peace; that respondent Cannon was also a justice of the peace in said county; that one Kent filed an affidavit before said Cannon, charging that petitioner "did willfully, unlawfully and maliciously, on June 1, 1911, omit and refuse to perform his duty enjoined upon him by law, and refused to permit Jesse W. Kent, during office hours, the right to inspect and examine a public record, to wit, the justice's docket, of which record and docket the said Thomas V. Cassidy was then and there the custodian, the said Jesse W. Kent, then and there being a citizen of said township, county and state, and being entitled by law to inspect and examine said public record." That respondent Cannon, upon the filing of such affidavit, issued his warrant for the arrest of petitioner, and that said petitioner was taken before the said magistrate, and, objecting to the jurisdiction of the justice, refused to plead; that the said justice of the peace then entered a plea of not guilty and set the cause down for trial, and that the same is pending before said justice of the peace. It is alleged that he will proceed to try petitioner upon such charge, unless prohibited from so doing. Upon this affidavit the superior court issued an alternative writ of prohibition, and, upon a hearing, a peremptory writ was issued, prohibiting said Cannon from trying the case, or taking further proceedings therein, and taxing costs of ten dollars against him. From this judgment an appeal has been taken.

Counsel for both parties upon this appeal present only the question involved as to the sufficiency of the affidavit to disclose a public offense, it being respondent Cannon's contention that a justice's docket is a public record, and that under section 1032 of the Political Code public records and other matters in the office of any officer are, at all times during office hours, open to the inspection of any citizen of this state; and he contends that section 176 of the Penal Code is applicable, which provides: "Every willful omission to perform any duty enjoined by law upon any public officer, or person holding any public trust or employment, where no special provision shall have been made for the punishment

of such delinquency, is punishable as a misdemeanor.'' Upon the other hand, it is petitioner's contention that section 1032 of the Political Code guarantees only the right of examination and inspection, and in terms does not provide for the officer in charge of the records to permit or assist or aid in such inspection; that no duty in that regard devolves upon him by law, and claims that a case is presented similar to that of *Ex parte McNulty,* 77 Cal. 165, [11 Am. St. Rep. 257, 19 Pac. 237], in which our supreme court has said that the question whether or not the conduct in question is made a crime must be determined from the language used in the statute; that ''constructive crimes—crimes built up by courts with the aid of inference, implication, and strained interpretation—are repugnant to the spirit and letter of English and American criminal law.'' We are of opinion that it is unnecessary to enter into a discussion of this matter. We think it sufficient to say that justices of the peace have jurisdiction of misdemeanors, and that the affidavit filed before the justice in this case was an attempt to set up facts constituting an offense over which the justice had jurisdiction to hear and determine, jurisdiction to determine rightfully or wrongfully. Conceding that his determination as to the sufficiency of the affidavit of complaint was wrong, and that the facts set forth did not show that defendant had committed an offense, nevertheless, he had jurisdiction so to determine. We perceive no difference between this and any other case where a defective information or affidavit of complaint has been filed and the court has erroneously determined the same to be sufficient, in which cases the relief of defendant is not through prohibition, for prohibition only lies where a public officer is proceeding without or in excess of jurisdiction, and no plain, speedy and adequate remedy at law exists. (*Keith* v. *Recorder's Court,* 9 Cal. App. 380, [99 Pac. 416].) If, as claimed by petitioner, no facts are averred constituting a public offense, he has ample relief through a writ of *habeas corpus,* in the event the justice should find him guilty. The justice, then, in our opinion, not being without or having exceeded his jurisdiction, prohibition does not lie, and the court erred in granting the writ.

Judgment reversed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 30, 1912, and the following opinion then rendered:

THE COURT.—The refusal to perform a public duty amounts to an omission in that regard and is comprehended within section 176 of the Penal Code. One refusing to perform a public duty is amenable to both sections 176 and 772 of the Penal Code. (*Ex parte Keeney,* 84 Cal. 310, [24 Pac. 34].)

Rehearing denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 26, 1912, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing of this cause in the supreme court is denied.

The grounds stated by the district court of appeal in the brief opinion denying the petition for rehearing in that court states sufficient grounds for the reversal of the judgment. We do not wish to be understood as expressing any opinion as to the doctrines stated in the original opinion of that court.