[Crim. No. 504. First Appellate District.—September 16, 1914.]

THE PEOPLE, Appellant, v. JAMES GIBBS, Respondent.

CRIMINAL LAW—POLICE AND JUSTICES' COURTS—JURISDICTION OVER MISDEMEANORS.—The police and justices' courts have exclusive jurisdiction over all misdemeanors punishable by a fine not to exceed five hundred dollars or by imprisonment not to exceed six months; and, unless expressly provided to the contrary, every offense declared to be a misdemeanor is punishable by a fine not to exceed five hundred dollars or by imprisonment not to exceed six months.

ID.—PUBLIC NUISANCE—INFORMATION CHARGING—JURISDICTION TO TRY. Where a defendant is informed against under section 373a of the Penal Code, for maintaining a public nuisance, the offense falls within the category of misdemeanors which are triable only in the police or justices' courts.

ID.—SECTIONS 373a AND 377 OF PENAL CODE NOT TO BE READ TOGETHER. The information in such case cannot be sustained as within the jurisdiction of the superior court, on the theory that it charges an indictable misdemeanor, by reading and construing section 373a of the Penal Code with section 377, the latter dealing with the violations of health laws relating to the registration of deaths and the disposition of human remains.

ID.—SECTION 3491 OF CIVIL CODE—EFFECT TO CONFER JURISDICTION ON SUPERIOR COURT.—The fact that section 3491 of the Civil Code provides among other things that a public nuisance may be remedied either by an indictment or an information does not avail to confer upon the superior court jurisdiction to hear and determine an offense charged under section 373a of the Penal Code.

APPEAL from an order of the Superior Court of the City and County of San Francisco sustaining a demurrer. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, C. M. Fickert, District Attorney, and Louis Ferrari, Assistant District Attorney, for Appellant.

G. Gunzendorfer, for Respondent.

LENNON, P. J.—The defendant in this case in an information filed in the superior court of the city and county'of San Francisco was charged with maintaining a public nuisance, in violation of the provisions of section 373a of the Penal Code.

The defendant demurred to the information upon the ground that the offense charged was a misdemeanor which the superior court did not have original jurisdiction to hear and determine. The demurrer was allowed, upon the ground stated, and the people have appealed. The demurrer was well taken and properly allowed. The police and justices' courts. have exclusive jurisdiction over all misdemeanors punishable by a fine not to exceed five hundred dollars or by imprisonment not to exceed six months; and, unless expressly provided to the contrary, every offense declared to be a misdemeanor is punishable by a fine not to exceed five hundred dollars or by imprisonment not to exceed six months. (Pen. Code, secs. 19, 1425.)

Section 373a of the Penal Code, under which the defendant was informed against, expressly declares the offense defined therein to be a misdemeanor, but does not prescribe the penalty therefor. It follows necessarily that the offense charged against the defendant falls within the category of misdemeanors which are triable only in the police or justices' courts. The information in the present case cannot be sustained upon the theory that it charges an indictable misdemeanor. The contention of the people in this behalf is based upon the assumption that section 373a of the Penal Code, under which the information was drawn, may be rightfully read and construed in conjunction with the provisions of section 377 of the Penal Code. This cannot be done. The latter section

undoubtedly deals only with violations of health laws relating to registrations of deaths and the disposition of human remains. Clearly the provisions of that section have no express or implied relation to the offense defined by section 373a. Section 377 was intended to penalize only the willful omission by any person charged with a duty relating to the registration of deaths to do certain things concerning such registration and the burial of the dead. True, subdivision 5 of that section in general terms declares that the willful violation of any of the laws of this state relating to the preservation of the public health constitutes a misdemeanor which is, "unless a different punishment . . . is prescribed, . . . punishable by imprisonment in the county jail not exceeding one year or by fine not exceeding one thousand dollars"; but subdivision 5 of the section under consideration cannot be construed as a statute separate and apart from that which appears before in the section itself. The code section in question deals with but a single subject; and therefore must be construed in its entirety in order to arrive at a correct conclusion concerning its intent and purpose. When so construed, it is manifest that the violation generally referred to in subdivision 5 relates to, is covered by, and must be controlled by the provisions of the introductory paragraph to the entire section. So construed, it is evident that subdivision 5 must be understood as applying only to those persons who are charged by law with a duty relating to the registration of deaths, etc. (*Ex parte Keeney*, 84 Cal. 304, 310, [24 Pac. 34].)

The fact that section 3491 of the Civil Code provides among other things that a public nuisance may be remedied either by an indictment or an information does not avail to confer upon the superior court jurisdiction to hear and determine the particular misdemeanor charged against the defendant. The Civil Code generally, and more particularly with reference to the specific subject in mind, is but a statement of the substantive law. While section 3491 of that code very properly designates either an indictment or an information as one of the remedies which may be invoked against the maintenance of a public nuisance, nevertheless that section does not undertake to prescribe and limit the precise procedure by which the criminal remedy against a public nuisance not amounting to an indictable misdemeanor may be enforced. That this is so is evidenced by the fact that section 3492 of the same code

emphatically and unequivocally declares that "the remedy by indictment or information is regulated by the Penal Code."

It will thus be seen that the Civil Code, in keeping with its general purpose, merely states the substantive law relating to the criminal remedy which may be directed against a public nuisance, and then very properly relegates the regulation of the remedy to the provisions of the Penal Code, which, containing the adjective law, provides the criminal procedure for the prevention and punishment of crimes. If the Penal Code has omitted to provide for the prosecution by indictment or information of a public nuisance, amounting only to an ordinary misdemeanor, this court cannot supply the omission.

The order appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.