[Civ. No. 6499. First Appellate District, Division Two.—October 26, 1928.]

JOHN JOSEPH McCARTE et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

William F. Herron for Petitioners.

Harry I. Stafford and Edward A. Cunha for Respondents.

NOURSE, J.—An alternative writ of prohibition was issued on the application of the two petitioners which alleged that they were the joint owners and entitled to the possession of the El Patio dance-hall; that in a proceeding before the respondent Superior Court entitled *Propper* v. *Poetz* a receiver was appointed by respondent to take possession of the premises; that neither of these petitioners was a party to said proceeding, had no notice thereof, and was not given an opportunity to be heard therein. Upon motion of respondent, and it appearing to this court that it had been imposed upon in the application for the alternative writ, said writ was set aside and the proceedings were converted into a motion for a peremptory writ of prohibition. Pending this hearing, the death of petitioner McCarte was suggested and her administrator was duly substituted.

The gravamen of the petition is that the order of respondent in appointing a receiver to take possession of the premises was without jurisdiction because the petitioners are the real owners thereof, and as such were not given an opportunity to be heard in the trial below. Upon the hearing of the motion for a peremptory writ it appeared that, contrary to the allegations of the petition, the petitioner McCarte did appear in the proceedings before the respondent court, and that her claims to the premises were fully heard by the respondent. In so far as the rights of the petitioner McCarte are concerned the respondent court had complete jurisdiction and her petition herein must be denied.

The petitioner Herron claims that he is the joint owner of the premises and that he has had no opportunity

to present his claim to the Superior Court. The return of respondent herein alleges (and this is admitted) that, after the order appointing the receiver had been made, this petitioner appeared for the first time before respondent and asked for a stay of proceedings, stating that he was a claimant of an interest in the premises; that respondent thereupon advised him that if he would make formal application in writing with a proper statement of facts as a basis for a hearing the respondent would then entertain a hearing and act upon any motion or application for relief which said petitioner should present. This petitioner failed to follow this course, and upon the hearing in this court two continuances were granted to enable him to make some showing that his claim of ownership in the premises was *bona fide.* He made no effort to show this other than his unverified statement that he held some written assignment of some interest and that at some indefinite time he had become a voluntary trustee for certain unnamed creditors of his copetitioner, and that as such trustee he was in actual possession of the dance-hall at the time of the appointment of the receiver. But it appears without dispute from the record of the trial before the respondent court that the Van Ness Amusement Company, party defendant in that action, was a corporation holding possession of the premises in dispute as a mere agency or instrumentality through which and by which the petitioner McCarte asserted her right to ownership and possession of the premises, and that her copetitioner was an attorney at law representing Mrs. McCarte in her private capacity until the time of her death. Thus any claim to possession on the part of petitioner Herron, as agent of his copetitioner, would not entitle him to assert an independent right to possession, and, in the absence of consent of the real owners, his possession as a voluntary trustee for creditors was that of a mere interloper. ■
The rule of law involved is discussed at length in the opinion of *Havemeyer* v. *Superior Court,* 84 Cal. 327, 402 et seq. [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]. Briefly, this rule is that if a want of jurisdiction is apparent on the face of the proceeding in the lower court no plea or preliminary objection is necessary before suing out a writ of prohibition, but when the want of jurisdiction is not apparent, an objection to the want or excess of jurisdiction should

be made in some form and overruled by the lower court. The rule is not that the court is without power to issue a writ of prohibition where preliminary objection has not been made in the lower court, but it is a rule of practice only, based upon the respect and consideration due to the lower court and the expediency of preventing unnecessary litigation. In the case before us we hold that this rule is not followed when a petitioner merely walks into the courtroom and states his objection and refuses to comply with the request of the court that he follow the ordinary procedure of reducing his motion to writing with a proper statement of the facts as a basis for a judicial hearing.

The peremptory writ is denied and the proceedings are dismissed.

Koford, P. J., and Sturtevant, J., concurred.