[Civ. No. 1084.   Fourth Appellate District.—September 25, 1933.]

FRANK A. FUELLER, Petitioner, v. THE JUSTICE'S COURT OF ENCINITAS TOWNSHIP, etc., et al., Respondents.

Frank A. Fueller, *in pro. per.*, David A. Sondel and Charles M. Fueller for Petitioner.

Thomas Whelan, District Attorney, and Frank P. Buckley, Deputy District Attorney, for Respondents.

JENNINGS, J.—This is a proceeding for a writ of prohibition. It appears from the petition upon which the alternative writ was issued that the petitioner was charged with a violation of the provisions of the act of May 29, 1929, made effective on August 14, 1929, amending the prior act of March 1, 1911 (Stats. 1929, chap. 573, p. 973), by a criminal complaint filed in the respondent court in the county of San Diego; that a trial of the action was had before respondent justice of the peace; that prior to the commencement of the trial petitioner moved the court to dismiss the complaint and to discharge petitioner from custody on the grounds that the statute upon which the prosecution was based was unconstitutional and that the offense, if it should be proved that any was committed, occurred in the county of Los Angeles outside of the township of Encinitas; that notwithstanding the said motion and over petitioner's protest the respondent court proceeded with the trial of the action and upon its conclusion adjudged that petitioner was guilty as charged in the complaint and as punishment therefor imposed sentence that petitioner be imprisoned in the county jail of the county of San Diego for a term of three months and in addition that he pay a fine of $250; that thereupon and within the time prescribed by law petitioner gave oral notice of appeal to the Superior Court of San Diego County; that thereafter petitioner withdrew his oral notice of appeal and respondent justice of the peace granted probation to petitioner for a period of six months on condition that petitioner pay to the complaining witness certain sums of money on designated dates; that petitioner was unable to comply fully with the conditions imposed upon him by the court's order suspending execution of the sentence and the respondent justice of the peace had caused petitioner's arrest and thereafter ordered his release on his own recognizance to appear in the respondent court on a designated date; that, unless restrained by order of this court, respondent justice of the peace will commit petitioner to the county jail of San Diego County for a period of three months in default of payment by petitioner of

the amounts specified in respondent's order suspending execution of sentence.

The petition further alleges that upon the trial of the action the respondent justice of the peace found substantially the following facts: That petitioner was engaged in the development of acreage for agricultural purposes in Los Angeles County; that such development required the drilling of wells for water; that petitioner secured the services of the complaining witness in the drilling of the wells; that at the time the complaining witness ceased work petitioner was indebted to him for the services performed in such well drilling in the sum of $237.70; that it was subsequently agreed between petitioner and the complaining witness that the former would give and the latter would receive a promissory note for the aforesaid amount and thereafter petitioner delivered to the complaining witness in Encinitas Township a promissory note in the following form:

"$237.70.          Whittier, California, March 11, 1932.

"Ninety days after date, for value received, I promise to pay to Ernest F. Carter or order at the Whittier National Trust & Savings Bank the sum of Two Hundred Thirty-seven & 70/100 Dollars, with interest at the rate of seven per cent per annum from date until paid, interest payable at maturity. Should the interest not be paid when due, then the whole sum of principal and interest shall immediately become due and payable and interest shall be compounded monthly thereafter at the same rate. Should suit be commenced to enforce the payment of this note, I agree to pay an additional sum of ten per cent on the sums then unpaid, as attorney's fees, in addition to the court costs in said suit. We and each of us do hereby agree, that the holder of this note may extend the time of payment thereof without notifying us at or after maturity. Principal and interest payable in gold coin of the United States.

"Address P. O. Box 261.

"FRANK A. FUELLER."

"Address Whittier, Calif

"Address";

that thereafter the said note was presented for payment at the Whittier National Trust & Savings Bank, in the city of Whittier, county of Los Angeles, and payment was refused by said bank.

It is further alleged in the petition that petitioner, relying upon representations made by respondent justice of the peace that if petitioner were financially unable to make the payments specified in the probation order, said respondent would not require payments in excess of respondent's ability to pay, petitioner waived his right to appeal, which it is alleged was a substantial right and by reason thereof petitioner has no plain, speedy and adequate remedy in the ordinary course of law; that a proceeding in *habeas corpus* is not available for the reason that, at the time of filing the petition, petitioner was not in custody and was not then illegally deprived of his liberty.

To the petition thus framed respondent has interposed a general demurrer based on the failure of the petition to state facts sufficient to justify the issuance of a writ of prohibition.

In support of his application for the issuance of the writ, petitioner advanced the same reasons which it is alleged he presented to respondent prior to the commencement of the trial as grounds for the dismissal of the complaint and for his discharge. These are, first, that the statute upon which the complaint is based is unconstitutional and, second, that, assuming the validity of the statute, the offense was committed outside the territorial boundaries of. the respondent court and was therefore an offense over which said court had no jurisdiction. Inasmuch as we entertain the opinion that petitioner's second contention is well founded, we shall not in this opinion give consideration to the contention that the statute is unconstitutional.

Section 1 of the statute which formed the basis of the complaint wherein petitioner was charged with the commission of a criminal offense contains the following provision:

"No person, firm, association or corporation or agent or officer thereof, shall issue, in payment of or as an evidence of indebtedness for wages due an employee, any order, check, memorandum, or other acknowledgment of indebtedness, unless the same is negotiable and is paid upon demand without discount in cash at some bank or other established place of business in the state." (Stats. 1929, chap. 573, p. 973.)

From the allegations of fact contained in the petition which are admitted by respondent's demurrer, it clearly

appears that the promissory note which was given in satisfaction of the balance due the complaining witness was actually delivered in Encinitas Township but that it was made payable and payment was refused in Los Angeles County. Respondent urges that since the note was issued in Encinitas Township a necessary element of the offense was committed in Encinitas Township and therefore in accordance with the provisions of section 781 of the Penal Code jurisdiction of the offense was in the respondent court.

While it is true that the offense with whose commission petitioner was charged could not have been committed unless the note had been issued we think that the offense which was established by the admitted facts was, not the issuance of the note, but the nonpayment of it on demand. The statute clearly states "unless . . . paid upon demand". It cannot be contended that the giving of the note which was negotiable in form constituted a violation of the statute.

The language of the proviso clearly permits the issuance of a promissory note provided it is negotiable. No offense, therefore, was committed until there was a refusal to pay the note when payment was demanded. It is not denied that demand for payment was made and was refused in Whittier, Los Angeles County. The locus of the offense which was committed was the place of refusal and not the place of issuance. Since the place where payment was refused was outside the territorial limits of the respondent court it follows necessarily that respondent had no jurisdiction of the offense and petitioner's motion for dismissal of the complaint should have been granted (*Antilla* v. *Justice's Court,* 209 Cal. 621 [290 Pac. 43]; *In re Wyatt,* 114 Cal. App. 557 [300 Pac. 132]).

█ In opposition to the granting of the writ respondent urges that the petition fails to show that petitioner has no plain, speedy and adequate remedy in the ordinary course of law. In this connection, it is contended that it must be assumed that what petitioner seeks to prohibit is the making of a further order modifying the probation order previously made by respondent and that such order, if it should be made, would be an "order made after judgment, affecting the substantial rights of the party" and therefore appealable in accordance with the provisions of section 1237 of the Penal Code. We are not in accord with re-

spondent as to the object of the writ which is here sought. It is our understanding, based on careful examination of the petition, that petitioner, admitting that he has not fulfilled the conditions imposed upon him by the order granting probation, seeks to prohibit his commitment to the county jail of San Diego County in accordance with the terms of said probation order. The probation order was dated January 14, 1933, and the petition herein was filed on June 24, 1933. At the time of filing the petition, therefore, if any appeal could have been taken from the order, the time for taking it had long since expired.

■ Assuming, however, that respondent's position in this regard is correct and that the purpose of this proceeding is to prohibit the issuance of a further order modifying the aforementioned order of January 14, 1933, and that an appeal would lie from such further order if made, we nevertheless entertain the opinion that upon the facts which are here presented, petitioner is not foreclosed from his right to the issuance of the writ which he here seeks. Since, in our opinion, respondent had no jurisdiction of the offense charged in the complaint, it necessarily follows that all proceedings in connection therewith are void. Among these proceedings are the judgment of conviction, the sentence imposed thereon, and the subsequent probation order. No less void would be any further order which respondent may make modifying the prior probation order. It cannot successfully be urged that the remedy of an appeal to be taken from such future order may properly be characterized as either speedy or adequate under the circumstances (*Arfsten* v. *Superior Court,* 20 Cal. App. 269 [128 Pac. 949]; *Broady* v. *Jennings,* 70 Cal. App. 647 [234 Pac. 120]).

■ Finally, we are not impressed by respondent's complaint that the petition herein is premature and that petitioner should first have presented to respondent the objections which he here raises. The immediate answer to this contention is that the petition shows that petitioner did present the objections here raised to the respondent court prior to the commencement of the trial and that his objections were overruled by the court. Furthermore, we do not understand that it is the rule that, when lack of jurisdiction is apparent on the face of the proceeding in the lower court, a preliminary objection is necessary before

making application for a writ of prohibition (*Havemeyer v. Superior Court*, 84 Cal. 327, 405 [24 Pac. 121, 18 Am. St. Rep. 192, 10 L. R. A. 627]; *Chaplin v. Superior Court*, 81 Cal. App. 367, 380 [253 Pac. 954]; *McCarte v. Superior Court*, 94 Cal. App. 507, 509 [271 Pac. 512]).

The demurrer to the petition is therefore overruled and the alternative writ of prohibition is made peremptory.

Barnard, P. J., and Marks, J., concurred.