[Civ. No. 5239.   Third Appellate District.—October 11, 1934.]

ARTHUR TREPPA, Petitioner, v. JUSTICE'S COURT OF NUMBER THREE TOWNSHIP, COUNTY OF LAKE, et al., Respondents.

Charles Kasch for Petitioner.

Burt W. Busch for Respondents.

PULLEN, P. J.—It appears from the petition for a writ of prohibition that Arthur Treppa is charged by an information, filed in the Justice's Court of Township Number Three

of Lake County, with having sold liquor to one Byron Augustine, a full-blooded Indian.

This information is purported to be based upon the provisions of section 397 of the Penal Code, the portion material to this decision being in the following language:

"Every person who sells or furnishes . . . intoxicating liquors . . . to any Indian of whole or mixed blood, . . . is guilty of a misdemeanor."

The force of petitioner's objection will be seen in comparing the allegations of the complaint with that of the language in the section just quoted; the complaint alleging "that said defendant Arthur Treppa, at said time and place did unlawfully furnish to Byron Augustine, liquor, to-wit: beer containing more than one-half of one per cent and not more than three and two-tenths per cent of alcohol by volume, the said Byron Augustine being then and there an Indian of the whole blood", which omits the direct allegation found in the statute of the intoxicating quality of the drink.

It is urged that the complaint therefore does not state any offense known to the law, and the trial court being about to exercise jurisdiction in an unauthorized proceeding, creates a situation wherein prohibition is the proper remedy.

We were at first disposed to the opinion that the justice's court had jurisdiction to proceed and that if error were committed petitioner still had a plain and speedy remedy at law adequate in the premises. Inasmuch, however, as the only right of a defendant in the justice's court, according to section 1429 of the Penal Code, is to enter a plea of guilty or not guilty, it is apparent petitioner has no opportunity to challenge the sufficiency of the complaint prior to trial and the remedy is not, under these circumstances, adequate. In *Ex parte Hayter*, 16 Cal. App. 211 [116 Pac. 370], this court, speaking through Mr. Justice Hart, said:

"To require him to resort to his remedy by appeal would, likely, only be to force him to suffer imprisonment until his trial is had and, in case of conviction, until his appeal could be heard and determined, and all this as the result of a proceeding of which the court has no jurisdiction. Moreover, to require him to go to trial would necessitate the entailment

of an unnecessary and no insignificant expense upon the taxpayers of the county of Merced, a consideration which should have some weight in the determination of a question which, in point of fact, involves, in its solution, so far as its importance as a legal proposition is concerned, in this case at least, merely a decision as between 'tweedle-dum' and 'tweedle-dee'.

"The remedy by appeal is neither speedy nor adequate in a case where a citizen is restrained of his liberty under an illegal process. Where one is unlawfully imprisoned and it may be made so to appear to a court in an appropriate legal proceeding, there can exist no conceivable reason why he should not be restored to his liberty by the shortest cut recognized by the law, and not be compelled to remain in a county prison and thus be made to suffer the inconveniences of such restraint until some more dilatory remedy, which may ultimately be available to him, has been put in operation." (*Terrill* v. *Superior Court,* 127 Cal. xviii [60 Pac. 38]; *Arfsten* v. *Superior Court,* 20 Cal. App. 269 [128 Pac. 949].)

The question for determination, therefore, is whether it can be said as a matter of law that liquor, to wit, beer containing not less than one-half of one per cent nor more than three and two-tenths per cent of alcohol by volume, is intoxicating. We doubt if a court has the power, in the absence of legislative definition, to fix the intoxicating quality of liquor as a matter of law. The legislature has not exercised its right to so prescribe what is intoxicating, nor to declare whether the use of the word "beer" or "liquor" of itself connotes any intoxicating alcoholic content.

As was said in *In re Simmons,* 199 Cal. 590 [250 Pac. 684], that in order to make enforcement of the prohibition of the traffic in intoxicants effective, the legislature as a matter of legislative expediency might prohibit traffic in beverages which are near to intoxication, even though they are not in themselves intoxicating, but when this twilight zone of expediency is invaded by the legislature it does so only for the purpose of facilitating the enforcement of its prohibitory legislation. In the language of the court it is there said:

"It is a matter of common knowledge that liquor containing 51/100 per cent of alcohol is not in fact intoxicating, yet

under the Wright Act the possession of such liquor for beverage purposes is unlawful while the possession of liquor containing 49/100 per cent is lawful.''

The function of the courts is to declare the law, and not ·to make it. Section 1858 of the Code of Civil Procedure, laying down the general rule of construction, says:

''In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.''

There is nothing in the language of the complaint nor in the statute itself that will enable a court to hold that liquor of an alcoholic content of less than three and two-tenths per cent is intoxicating as that term is used in the statute in question. ■ The legislature not having declared that beer of such alcoholic strength is intoxicating, it is necessary in order to charge a person with a violation of section 397 of the Penal Code, to allege that the liquor furnished was intoxicating, and upon the trial to prove that it was intoxicating in fact.

■ We are therefore of the opinion that the complaint before us states no public offense, and the writ prayed for should be granted, and it is so ordered.

Plummer, J., and Thompson, J., concurred.