[Civ. No. 10112. Second Appellate District, Division Two.—January 24, 1935.]

E. W. DOWNS, Petitioner, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES, Respondent.

R. Lee Heath and Simeon E. Sheffey for Petitioner.

Ray L. Chesebro, City Attorney, and Newton J. Kendall, Bourke Jones and John L. Bland, Deputies City Attorney, for Respondent.

CRAIL, J.—This is a petition for a writ against the Municipal Court of the City of Los Angeles to prohibit it from proceeding with case No. 58,303 in which the petitioner is defendant charged with a misdemeanor. The complaint in said action, a copy of which is attached to the petition, does not state facts sufficient to constitute a public offense, and it does not conform to the provisions of Penal Code, section 1426, in that it does not set forth the offense charged with sufficient particulars as to enable the defendant to understand distinctly the character of the offense

complained of. However, it purports and attempts to state a public offense of a kind over which the municipal court has jurisdiction. ■ Ordinarily under such circumstances the question whether the facts charged are sufficient to constitute an offense will not be examined into on prohibition, the rule being that where the court is vested with jurisdiction of the person and of the offense it has jurisdiction even though it decide erroneously, and the writ of prohibition will not lie to correct mere errors, and ordinarily also the writ of prohibition will not issue where the petitioner has a plain, speedy and adequate remedy in the ordinary course of law and it will not issue when he has a remedy by *habeas corpus.* (*Leach* v. *Superior Court,* 215 Cal. 531 [12 Pac. (2d) 1].)

■ But petitioner contends that since section 1429 of the Penal Code does not provide for the testing of the sufficiency of a complaint in a municipal court by demurrer where such a complaint does not state a public offense, such courts under such circumstance may be restrained by prohibition. To support this contention petitioner relies mainly upon the case of *Treppa* v. *Justice's Court,* 1 Cal. App. (2d) 374 [36 Pac. (2d) 819]. The case furnishes some ground for this contention. However, an examination of the cases will show that this case runs counter to the greater weight of authority. (*Keith* v. *Recorder's Court,* 9 Cal. App. 380 [99 Pac. 416]; *Cassidy* v. *Cannon,* 18 Cal. App. 426 [123 Pac. 358]; *Leach* v. *Superior Court,* 215 Cal. 531 [12 Pac. (2d) 1]; *Whitney* v. *Superior Court,* 182 Cal. 114 [187 Pac. 12]; *Ex parte Creenall,* 153 Cal. 767 [96 Pac. 804]; *In re Stambaugh,* 117 Cal. App. 659 [4 Pac. (2d) 270]; *Hogan* v. *Superior Court,* 16 Cal. App. 783 [117 Pac. 947].) The Treppa case entirely overlooks the right of petitioner therein to move in arrest of judgment at any time before judgment is entered and his right to a writ of *habeas corpus* after judgment. It decides the case upon the theory that petitioner's only remedy in the ordinary course of law is by appeal.

■ Furthermore, to adopt the rule of the Treppa case (*supra*) would be against good public policy. If the rule were adopted as contended for by petitioner it would result in providing a procedure whereby in effect demurrers in criminal cases in municipal courts would be transferred to

and heard by the District Court of Appeal. This would be impracticable for in that event the time and energy of the District Court of Appeal would be largely taken up in acting as a law and motion department of the municipal courts. The issuance of the writ of prohibition is largely a discretionary matter, and we would not issue the writ where to do so would be against good public policy.

Writ denied and alternative writ annulled.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 20, 1935.