[No. 5785.]

## JOHN L. REIDY AND JOS. NOLAN v. SAMUEL SCOTT AND MARY S. SCOTT.

OPENING DEFAULT.—A showing that the defendant made a mistake as to the day he was served with a copy of the complaint and summons; that he was ready with his answer containing allegations of meritorious defense on the day the default was entered; that upon a full and fair statement of all the facts of the case, he is advised by his counsel that he has a good and perfect defense, entitles the defendant to have the default set aside.

APPEAL from the District Court of the Thirteenth Judicial District, Merced County.

The action was brought to recover the value of goods sold and delivered. The defendant Samuel Scott was served with a copy of the summons and complaint within the county, April 25th, 1877, but informed his counsel that the service was on the 26th. No answer having been filed within the ten days, default was entered May 7th, 1877. On the same day the defendant filed the following answer:

"[Title of Court and Cause.]

"Now comes the defendant Samuel Scott and answers the complaint of the plaintiffs herein, and

"1. Denies every allegation of said complaint as fully as if said allegations were separately set forth herein, and specifically and at length denied.

"2. For a further and separate defense to this action, said defendant alleges that on the 26th day of September, 1876, an action was commenced in the above entitled Court by the above named plaintiffs against said defendant, to recover the amount sued for in this action, together with an assigned claim; that the causes of action set forth in the complaint in said suit were the same with those alleged in the complaint in this action, with the addition of said assigned claim; that thereafter, and before the commencement of this action, to wit, on the 30th day of December, 1876, judgment was duly rendered in said action against said plaintiffs, and in favor of said defendant for the costs thereof; that said judgment has never been appealed from, or set aside, or in any manner disturbed.

"Wherefore, said defendant asks judgment against the plaintiffs.for his costs. BODLEY & CAMPBELL,

"Attorneys for Defendant Samuel Scott.

"[Endorsed] Filed May 7th, 1877. James E. Hicks, Clerk."

Subsequently he moved the Court to set aside the default upon the following affidavits:

"[Title of Court and Cause.]

"State of California, County of Merced—ss.

"Samuel Scott, being duly sworn, saith: That he is one of the defendants above named. That by the return on the summons in the above-entitled action, the Sheriff of Merced County certifies that he made service on this defendant on the 25th day. of April, 1877, in said county; but this defendant was under the belief and yet believes that he was not served until the 26th day of April, 1877. That on the 7th of May, 1877, a default was entered by the Clerk of the above-named Court against this defendant. Affiant further says, on his information and belief, that at the time and before said default was entered, his answer was in the office of Wells, Fargo & Co.'s Express, in Merced, with directions to have the same filed, and that the same was filed about nine o'clock A. M. of the 7th day of May, 1877; and that the reason why it was not sooner filed was that the 6th day of May, 1877, was Sunday, and it could

not be legally done on that day. That affiant has fully and fairly stated to his attorneys, Messrs. Bodley & Campbell, all the facts of said case, and they have informed him that he has a good and perfect defense to said action. Affiant therefore states that he has a good defense to said action. That the reason why this application has not been made sooner is, that affiant has been quite sick at his home in Merced County, and unable before this time to have his application made. Wherefore affiant prays that said default and the judgment thereon entered by the said Clerk be set aside, and that this defendant be allowed to answer said complaint, and that in the meantime the Sheriff of said county, to whom an execution issued on said judgment has been delivered, be ordered to desist from further action thereon until the further order of this Court.

"SAMUEL SCOTT.

"Subscribed and sworn to before me this 31st day of May, A. D. 1877.                         W. P. VEUVE,
"[L. S.]                                  Notary Public."

[Title of Court and Cause.]

"State of California, County of Santa Clara—ss.

"Thos. Bodley, being duly sworn, says :· He is one of the firm of Bodley & Campbell, attorneys for the defendant Samuel Scott, above named. That he received a copy of the summons and complaint in the above-entitled action on the 30th of April, 1877. That he was informed and believed that the same were served on the 26th of April on said Scott, and in ample time sent to Merced an answer thereto, to wit, on or before Sunday night, May 6th, 1877. That on the following morning he received this telegram: 'Merced, Cal., May 7th, 1877. Received at San José 9:33 A. M. To Bodley & Campbell. Papers received and attended to. Wells, Fargo & Co.' That affiant informed said Samuel Scott and verily believes that he has a good defense to said action.          THOS. BODLEY.

"Subscribed and sworn to before me this 31st day of May, A. D. 1877.                         W. P. VEUVE,
"[L. S.]                                  Notary Public."

" [Title of Court and Cause.]

"State of California, County of Merced—ss.

"Samuel Scott, being duly sworn on his oath, saith: That he is one of the defendants above named; that in addition to his affidavit made on application to set aside the default in said cause, that the papers in said cause were served on him by A. J. Meany, the Sheriff of said county; that at the time of said service affiant was and had been quite sick, and unfit to attend to business, but that as soon as he was able he went to San José in said State, and delivered to his attorneys, Messrs. Bodley & Campbell, the same, stating to them he had been served on the 26th day of April, 1877 (which he believed to be the correct time); that affiant has a good and perfect defense to said action, the said action having been before that time tried by the Honorable Court, and decided in favor of the affiant; that this is the same suit tried on the 30th day of December, 1876, with the exception that the assigned claim set forth in the first action is left out of the present, and the defendant Mary S. Scott is made a defendant in this action; but otherwise it is the same cause of action and between the same parties.

"Affiant further saith: That he is informed and believes, and alleges the fact to be, that his answer, now on file, was served and delivered to the Clerk of this Court, before nine o'clock A. M. of May 7th, 1877. And the default entered by the Clerk of said Court was made and entered before the business hours, and with a full knowledge on the part of said Clerk, and R. H. Ward, one of the attorneys for plaintiffs, that the answer of this defendant was then at the office of Wells, Fargo & Co.'s express in Merced, California, for service on them.

"That by the mistake of affiant in his informing his attorneys of the time of service, his attorneys were misled and mistaken, and were excusable in not sooner forwarding said answer.

"SAMUEL SCOTT.

"Subscribed and sworn to before me this 25th day of July, 1877. C. H. MARKS,

"Notary Public."

The motion was denied and the defendant appealed.

*Bodley & Campbell* and *Chas. H. Marks* relied upon *Watson* v. *S. F. & H. B. R. R. Co.* 41 Cal. 17, and *Francis* v. *Cox,* 33 Cal. 325.

*Terry, McKinne & Terry,* for Respondent.

There was no affidavit of merits; the affidavits set out merely that the defendant had a good defense to the action.

A defense upon the merits is one that rests upon the justice of the cause, and not upon technical grounds only. There is, therefore, a difference between a good defense, which may be technical or not, and a defense on the merits. (5 B. & Ald. 703; 5 Johns. 245, 449; 6 Wend. 511; *People* v. *Rains,* 23 Cal. 129.) On a motion to open a default, an affidavit of merit is indispensable. (*Reese* v. *Mahoney,* 21 Cal. 306; *People* v. *Rains,* 23 Cal. 129; *Bailey* v. *Tappe,* 29 Cal. 423; *Parrot* v. *Den,* 39 Cal. 80.) The affidavits do not state facts which entitled the defendant to the relief asked. The excuse offered in the affidavit of Scott that he believed the summons was served on the 26th was not sufficient; it was his duty to know the time of service, and to give to his attorney correct information. (*Elliott* v. *Shaw,* 16 Cal. 377; *People* v. *Rains,* 23 Cal. 129; *Coleman* v. *Rankin,* 37 Cal. 247.)

The motion was addressed to the discretion of the Court below, and this Court will not interfere unless there has been an abuse of discretion. (*Howe* v. *I. M. Co.* 29 Cal. 72; *Bailey* v. *Tappe,* 29 Cal. 422.

By the COURT:

If the affidavit of merits is sufficient, we are satisfied that, under the views expressed in *Watson* v. *S. F. and H. B. R. R. Company,* 41 Cal. 17, the Court should have granted the motion to open the default. The answer, which was filed on the same day the default was entered, states facts which, if proved, would constitute a meritorious defense. The statements in the affidavit of defendant, that he is advised that he has a "*good* and *perfect* defense,*" and in the affidavit of his attorney that, in his opinion,

defendant has a good defense; although in artificial averments of the fact that he has a defense on the merits, are to be referred to the answer actually filed. In *People* v. *Rains*, 23 Cal. 129, the affidavit of the defendant's attorney was to the effect that he had mistaken the day of service, and that he prepared a *demurrer* to the complaint. The Court held that when the affidavit shows that the defense rests on matters appearing on the face of the complaint, (by which, of course, is meant matters of defense which, except for the interposition of a demurrer, would be deemed to be waived) the defense is merely of a technical character, and the affidavit is insufficient. But here an answer was prepared, and the advice of the attorney, that defendant had a good and perfect defense, was based on *a full and fair statement of all the facts of the case.* (See defendant's affidavit.) We think the default should have been set aside.

Judgment and order reversed, and cause remanded.