[S. F. No. 5003.   Department Two.—November 26, 1909.]

JAMES MITCHELL, Respondent, v. CALIFORNIA AND OREGON COAST STEAMSHIP COMPANY (a Corporation), Appellant.

PRACTICE—DEFAULT IN SERVING STATEMENT ON NEW TRIAL—RELIEF UNDER SECTION 473 OF THE CODE OF CIVIL PROCEDURE.—Under the circumstances of this case, it was the duty of the trial court, under section 473 of the Code of Civil Procedure, to have relieved the appellant from his default in failing to serve his proposed statement on motion for a new trial within the time limited by law, for the reason that such default was of short duration, was due to the excusable mistake and inadvertence of the clerk of the attorney for the appellant in obtaining orders extending the time to prepare such statement, while such attorney was otherwise engaged, and the motion for relief was seasonably made.

ID.—LIBERALITY IN GRANTING RELIEF.—It is the tendency of this court to relieve parties from their defaults and mistakes, upon proper showing, to the end that matters may be heard upon their merits.

ID.—RELIEF FROM MISTAKE OF LAW.—Under section 473 of the Code of Civil Procedure, the court will, in a proper case, grant relief against a mistake of law.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for relief under section 473 of the Code of Civil Procedure. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

W. F. Williamson, W. W. Sanderson, and Edmund Nelson, for Appellant.

Costello & Costello, for Respondent.

MELVIN, J.—This is an appeal from an order of court which, in its essence is really two orders, one granting plaintiff's motion to set aside an order extending time for service of defendant's statement on motion for new trial; the other denying defendant's motion for relief under section 473 of the Code of Civil Procedure, in the matter of the settlement of the statement for new trial, the proposed draft of which was not served in time.

It is practically conceded that the last order of court, extending time for service of the statement, was made without authority; therefore it will be necessary to discuss only the other appeal which really involves the whole matter.

Defendant's notice of motion for new trial was served on plaintiff on April 15, 1907. A clerk in the office of defendant's attorney thereafter secured orders from the judge before whom the case was tried extending time to serve the proposed statement on motion for new trial until June 23, 1907. Before the expiration of this time and during the absence of the judge who had signed the previous orders, one of his associates granted a further extension to and including the third day of July, 1907. All of these orders were served in the usual manner, plaintiff's attorneys acknowledging receipt of copies before the documents were filed. On July 2, 1907, the proposed statement was served on plaintiff's attorneys and on the same day they served on defendant's attorney their motion to vacate the last order of continuance upon the ground that the court had no jurisdiction to make it. Thereafter proposed amendments were prepared and served and defendant gave notice that said amendments were not assented to nor adopted by it. Finally, after a continuance by consent of the parties, the matter came on regularly on August 27, 1907, for settlement of the statement before the judge who had presided at the trial of the case, and as plaintiff's attorneys objected to the settlement of any statement, the matter was set for hearing on August 30, 1907. Before the last-mentioned date, defendant's attorney served and filed his motion for relief under section 473 of the Code of Civil Procedure on the grounds of mistake, inadvertence, surprise, or excusable neglect, supporting said motion by an affidavit, and requesting the court to settle the proposed statement.

The affidavit of Mr. Williamson shows that he was busily engaged after the 15th of April, 1907, and during most of the time involved in the period following that date either in court or in preparation of briefs; that he was ill during a large part of the month of June; that he intrusted the matter of obtaining time for preparation of his proposed statement on motion for new trial to his clerk who, from time to time, informed the affiant that he had obtained more time in the "Mitchell case"; and that the attorney believed his subor-

CLVI Cal.—37

dinate was getting extensions of time from plaintiff's attorneys by stipulation. He also made the usual affidavit of merits. Mr. Nelson, Mr. Williamson's managing clerk, by affidavit corroborated the statements in his employer's affidavit.

Respondent calls our attention to the fact that Mr. Williamson's first affidavit states that he was engaged in the superior court of Lassen County during a part of the month of May, when in reality he was in that county in April. This was doubtless an inadvertence which the attorney was permitted by the court to correct in a supplementary affidavit. It was really immaterial, because the time spent in Lassen County was during the period when, in the ordinary course of practice, the statement would have been prepared, and testimony regarding the occupation of Mr. Williamson during any part of that period was relevant as tending to show reason not only for delay but for intrusting the matter of continuances to his clerk.

The counter affidavit of one of plaintiff's attorneys calls attention to the fact that the clerk is an attorney at law who should have known the rules of practice, but who probably overlooked section 1054 of the Code of Civil Procedure. There are no essential contradictions of Mr. Williamson's statements regarding his engrossment in the work of his clients and his dependence upon the sufficiency of the extensions obtained by his clerk. Counsel for appellant in his brief directs our attention to the circumstance that perhaps his clerk erred by failing to remember "that the amendment of the statute passed by the legislature in extraordinary session after the great fire of April, 1906 [Stats. Ex. Sess. 1906, p. 9], which allowed a court to extend time not exceeding ninety days expired by self-limitation on the last day of February, 1907, and but a short time before the unfortunate error which has made this appeal necessary." We think it legitimate also to consider the fact that the time taken by appellant after the expiration of the period lawfully allowed by the court was not very great— about thirty-seven days—and no very serious hardship can be presumed from such delay.

Under all the circumstances disclosed, we think that the relief for which application was made should have been granted. The tendency of this court has always been to relieve parties from their defaults and mistakes, upon proper

showing, to the end that matters may be heard upon the merits. Treating of this subject and particularly of the interpretation of section 473 of the Code of Civil Procedure, the following language was used by this court in *Nicoll* v. *Weldon,* 130 Cal. 667, [63 Pac. 64] : "Section 473 of the Code of Civil Procedure is a remedial provision, and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it. (*Buell* v. *Emerich,* 85 Cal. 116, [24 Pac. 644] ; *Harbaugh* v. *Honey Lake etc. Water Co.,* 109 Cal. 70, [41 Pac. 792] ; *Melde* v. *Reynolds,* 129 Cal. 308, [61 Pac. 932].) It is for this reason that we more readily listen to an appeal from an order refusing to set aside a default, than where the motion has been granted, since in such case the defendant may be deprived of a substantial right, whereas it may be assumed, if nothing to the contrary is shown, that the plaintiff will be able at any time to establish his cause of action. If, for any reason, he will be unable to do so, that fact should be made to appear; but if he is merely subjected to delay or inconvenience by having the default set aside, he can be compensated therefor by the terms which the court would impose as a condition to granting the motion."

Ever since the decision in the case of *Stonesifer* v. *Kilburn,* 94 Cal. 42, [29 Pac. 332], a very liberal policy has been pursued by this court in cases of the kind here under review. In that case, the hasty reading of a stipulation whereby plaintiff gained the mistaken idea that the time to file his proposed bill of exceptions was extended thirty days beyond the period granted by law instead of thirty days after the date of the stipulation, was considered a sufficient excuse for the failure to make timely service of the plaintiff's draft of the statement.

In *Pollitz* v. *Wickersham,* 150 Cal. 242, [88 Pac. 911], a mistake of one day was made by a clerk in the office of one of the attorneys. He entered on his diary a note that the last day to serve the proposed bill of exceptions was May 24th, instead of May 23d, the correct date. On May 24th, opposing counsel refused to grant a stipulation extending time. Thereafter the bill of exceptions was prepared and served eleven days following the time allowed by law. Application for relief was not made until six months and one day later, yet this

court held that the bill of exceptions was settled without abuse of discretion on the part of the court. Similar action has been upheld in *Vinson* v. *Los Angeles Pacific R. R. Co.,* 147 Cal. 483, [82 Pac. 43]; *Banta* v. *Siller,* 121 Cal. 415, [53 Pac. 935]; *King* v. *Dugan,* 150 Cal. 260, [88 Pac. 925].

It has been suggested that the real mistake upon which appellant's prayer for relief was based was one of law and not of fact. While the clerk's inadvertence was doubtless one of law, Mr. Williamson's was a mistake of fact, but the court will, in a proper case, grant relief against a mistake of law, exercising the power given it under section 473 of the Code of Civil Procedure. "The language of this section does not limit the relief to mistakes of fact." (*Douglas* v. *Todd,* 96 Cal. 658, [31 Am. St. Rep. 247, 31 Pac. 624]. See, also, *Tuttle* v. *Scott,* 119 Cal. 588, [51 Pac. 849]; *Kirstein* v. *Madden,* 38 Cal. 162.)

Undoubtedly courts of appeal have shown great reluctance, in cases of this kind, to disturb the order made by the lower court. "Unless the record clearly shows that the court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed." (*Ingram* v. *Epperson,* 137 Cal. 371, [70 Pac. 166].) Having this excellent and salutary rule in mind, we are constrained notwithstanding it, to believe that the order made in this case which is now under consideration was calculated to defeat, rather than to advance the ends of justice.

The order is therefore reversed and the superior court and the judge thereof directed to settle the proposed statement according to law.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.