[S. F. No. 9356. In Bank.—January 26, 1920.]

CHARLOTTE A. WHITNEY, Petitioner, v. THE SUPE-
RIOR COURT OF ALAMEDA COUNTY, etc., et al.,
Respondents.

[1] PROHIBITION—PREVENTION OF TRIAL OF CRIMINAL ACTION—WHEN
NOT AVAILABLE.—Prohibition is not available to prevent the supe-
rior court from trying the petitioner for a public offense, where
there is no merit in the claim that the act under which the
petitioner is being prosecuted is invalid as being in violation of
provisions of the federal and state constitutions, and no other
point is made going to the jurisdiction of the court.

[2] CRIMINAL LAW—FILING OF INFORMATION WITHOUT PREVIOUS COM-
MITMENT—REMEDY.—The remedy where an information is filed
in the superior court without a previous commitment by a magis-
trate is by motion to set aside the information on that ground,
with a right to review of the action of the trial court on an
appeal from the judgment.

[3] ID.—SUFFICIENCY OF INFORMATION—MATTER NOT REVIEWABLE ON
PROHIBITION.—Objections to the sufficiency of an information to
state a public offense will not be inquired into on an applica-
tion for a writ of prohibition to prevent the trial of the peti-
tioner.

APPLICATION for Writ of Prohibition to prevent the
Superior Court from trying the petitioner for a public
offense. Denied.

The facts are stated in the opinion of the court.

J. E. Pemberton for Petitioner.

THE COURT.—This is an application for a writ of pro-
hibition. [1] We see no merit in the claim that the act under
which petitioner is being prosecuted is invalid as being in
violation of provisions of our federal and state constitutions.

No other point made goes to the jurisdiction of the su-
perior court, and consequently prohibition is not available to

1. Nature of writ of prohibition; issuance and effect, note, 111
Am. St. Rep. 930–978.

Issuance of writ of prohibition on application of defendant in
criminal case as ground of lack of jurisdiction in trial court, note, 18
Ann. Cas. 263.

petitioner.    [2]    The remedy where an information is filed in the superior court without a previous commitment by a magistrate is by motion to set aside the information on that ground (Pen. Code, sec. 995 et seq.), with a right to review of the action of the trial court on an appeal from the judgment.    [3]    The objections to the sufficiency of the information to state a public offense fall within the rule announced in *In re Ruef*, 150 Cal. 665, [89 Pac. 605]. We express no opinion on the merits of the claims made by petitioner in regard to these matters.

The application for a writ of prohibition is denied.

Angellotti, C. J., Lawlor, J., Olney, J., Lennon, J., Shaw, J., and Wilbur, J., concurred.