[Civ. No. 4146.   Second Appellate District, Division One.—January 19, 1925.]

## J. C. BROADY, Appellant, v. LACY D. JENNINGS, Respondent.

[1] PROHIBITION—JURISDICTION.—Where a court is about to enter upon the discharge of some function of which the court has no jurisdiction, prohibition is the proper remedy.

[2] ANIMALS—ESTRAY ACT — REPEAL OF FENCE LAWS. — The Estray Act (Stats. 1915, p. 636) by the very force of its terms repealed all "fence laws" in all the counties of the state excepting in the six counties specified in the act; and by that act the common-law rule requiring the owner of animals to keep them from his neighbor's lands was restored as to all counties affected by the act.

[3] ID.—TRESPASS—COUNTY ORDINANCE—MISDEMEANOR—JURISDICTION. The board of supervisors of San Diego County, in adopting an

---

1.  See 21 Cal. Jur. 583.
2.  See 2 Cal. Jur. 38.

ordinance making it a misdemeanor "for the owner . . . of any domestic animal or animals to permit the same to run at large in or upon any land owned by, . . . any person, . . . other than the owner of such animal or animals, unless the consent of the owner of such land and premises is first obtained," etc., acted within the power conferred upon it by subdivision 14 of section 4041 of the Political Code, and said ordinance is not in conflict with the general laws; and a justice of the peace of that county . has jurisdiction to try a person charged with a violation of said ordinance.

---

(1) 32 Cyc., p. 604, n. 32.    (2) 3 C. J., p. 172, n. 45.    (3) 3 C. J., p. 172, n. 48.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Praul for Appellant.

Chester C. Kempley, District Attorney, and A. J. Lee, Deputy District Attorney, for Respondent.

HOUSER, J.—This is an appeal from an order of the superior court denying a writ of prohibition.

The substance of the facts underlying the matter appear to be that the board of supervisors of San Diego County duly passed an ordinance making it a misdemeanor "for the owner . . . of any domestic animal or animals to permit the same to run at large in or upon any land owned by, . . . any person, . . . other than the owner of such animal or animals, unless the consent of the owner of such land and premises is first obtained," etc.

By a complaint filed in the justice court one J. C. Broady (appellant herein) was charged with a violation of said ordinance. His demurrer to the complaint having been overruled, the justice caused the case to be set for trial. Thereupon said Broady applied to the superior court of San Diego County for a writ of prohibition directed to the said justice court and to Lacy D. Jennings, as justice of the peace (respondent herein), restraining and prohibiting said court and said justice from the trial of said action. The writ was denied; and thereupon this appeal was taken from such order.

It is contended by respondent that prohibition will not lie for the reason that, assuming no jurisdiction in the justice court, defendant therein had the right to appeal to the superior court, and that such remedy was plain, speedy, and adequate. [1] While the decisions of this state touching the question are not entirely harmonious, the weight of authority is that where a court is about to enter upon the discharge of some function of which the court has no jurisdiction, prohibition is the proper remedy. (*Terrill* v. *Superior Court,* 6 Cal. Unrep. 398 [60 Pac. 38]; *Green* v. *Superior Court,* 78 Cal. 556 [21 Pac. 307, 541]; *Arfsten* v. *Superior Court,* 20 Cal. App. 269 [128 Pac. 949]; *People* v. *Palermo L. & W. Co.,* 4 Cal. App. 717 [89 Pac. 723]; *Ophir Silver Min. Co.* v. *Superior Court,* 147 Cal. 467 [3 Ann. Cas. 340, 82 Pac. 70].)

Appellant contends that the ordinance adopted by the board of supervisors is unconstitutional in that it is in conflict with section 11 of article XI of the constitution, which provides that "any county, city, town, or township may make and enforce within its limits all such local, police, sanitary and other regulations as are not in conflict with general laws."

It is urged that the ordinance in question is in conflict with the "general laws." [2] By the common law the owners of cattle were required to keep them confined "to their own close." But by early statutes of this state (Stats. 1850, p. 131; Stats. 1851, p. 299) such general law was abrogated; and it is upon such statutes and others of a similar character that appellant relies. In 1915 (Stats. 1915, p. 636) a statute was enacted, known as the "Estray Act," which affects all the counties of the state with the exception of six counties of which San Diego is not one. By that act the common-law rule requiring the owner of animals to keep them from his neighbor's lands was restored as to all counties affected by the act. (*Montezuma Improvement Co.* v. *Simmerly,* 181 Cal. 722 [189 Pac. 100]; *Moran* v. *Freeman,* 48 Cal. App. 514 [192 Pac. 155]; *Huffman* v. *Coulter,* 55 Cal. App. 173 [203 Pac. 125].)

As is said in *Montezuma Improvement Co.* v. *Simmerly, supra,* the statute of 1915 "by the very force of its terms" repealed all "fence laws" in all the counties of this state excepting in the six counties specified in the act. [3] By subdivision 14 of section 4041 of the Political Code, boards

of supervisors are given power to " . . . fix the limits within which animals shall not run at large."

It thus appears that the board of supervisors of San Diego County, in adopting the ordinance in question, was acting within its powers, and that the superior court was right in denying petitioner's application for the writ.

The order is affirmed.

Conrey, P. J., and Curtis, J., concurred.