[L. A. No. 15337. In Bank.—October 14, 1935.]

STEVEN N. SPANACH et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Russell Parsons, Joseph L. Fainer and W. V. Anderson for Petitioners.

Everett W. Mattoon, County Counsel, and Douglas De Coster, Chief Deputy County Counsel, for Respondents.

WASTE, C. J.—We are in agreement with the following portions of the opinion heretofore prepared in this proceeding by Mr. Presiding Justice Stephens when the same was pending before the District Court of Appeal, Second Appellate District, Division Two, and we adopt the same, with some additional comment, as and for the decision of this court:

"This is a petition for a writ of review of a proceeding in the superior court which may be briefly stated as follows: Heretofore petitioners brought suit for damages alleged to have resulted from medical malpractice against certain physicians individually and as members of a copartnership of physicians designated as 'Ross-Loos Medical Group', hereinafter referred to as 'Medical Group'.

"Although the complaint alleges that petitioners are members of the Medical Group a reading of the pleadings and exhibits reveals that instead of being members, petitioner Steven N. Spanach was, at the times herein concerned, a member of a voluntary association known as 'Los Angeles Police Relief Association'. Such 'Relief Association' as it will here-

after be designated and 'Medical Group' entered into a long and detailed 'Memorandum of Agreement' by the terms of which the Medical Group became obligated to furnish certain medical and allied services to 'subscribers' or members and their families of the 'Relief Association'. Elna Marie Spanach, the other petitioner, was the wife of Steven N. Spanach, and the alleged malpractice relates to treatment accorded her by a physician attached to the Medical Group.

"The Superior Court action reached the point of taking testimony when defendants requested leave to amend their answers by alleging that said agreement provided that the alleged cause of action was subject to compulsory arbitration. The amendments were finally allowed and plaintiffs (petitioners here) by their counsel orally acceded to arbitration. Before such accession, however, there was much discussion turning on the effect of the arbitration provision of the agreement and the court suggested that it was probably without jurisdiction to proceed with the case and that its jurisdiction could be tested by a writ of mandate. Thereafter the court made an order that all proceedings should be stayed 'until arbitration might be had in accordance with the arbitration agreement'.

"Subsequently thereto, plaintiffs-petitioners moved the court under section 473, Code of Civil Procedure, to be relieved from the order of the Superior Court staying 'proceedings until arbitration has been had in accordance with the terms of the arbitration agreement' (quoting from the order) and therein petitioned that said order and all other orders made by the court in relation thereto be set aside and that the court declare a mistrial of such action; the grounds of the motion were that counsel in acceding to arbitration, acted under mistake, believing at the time that the arbitration provision of the agreement covered the alleged cause of action but that in fact this was erroneous. The court denied the motion.

"Petitioners here claim that the court was without jurisdiction to decline to proceed with the trial until after arbitration had been had. It is upon this claim that this proceeding depends.

"Without question the court was within its jurisdiction when, after the plaintiffs acceded to arbitration, the proceedings were stayed. Equally clear is the proposition that the court was within its jurisdiction to entertain the motion

under section 473, Code of Civil Procedure, and to rule thereon. Its ruling is subject to appeal, but, being a discretionary matter, the ruling is not subject to review in this proceeding.''

The foregoing is determinative of the present proceeding. If, as we have seen, the court below was within its jurisdiction in staying further proceedings pending arbitration, to which the plaintiffs acceded, and if, as stated above, it was within its jurisdiction in denying the motion made under section 473, *supra,* for relief from such order, this is not a proper case for the issuance of a writ of *certiorari.* ■ The authorities are legion to the effect that where a court has jurisdiction of the parties and of the subject-matter of the action, such jurisdiction carries with it the authority to decide the questions submitted to it, incorrectly as well as correctly. Accordingly, error in the exercise of its jurisdiction, however gross, cannot be annulled on *certiorari.* (*Culver* v. *Superior Court,* 185 Cal. 144 [195 Pac. 1055]; *American Law Book Co.* v. *Superior Court,* 164 Cal. 327 [128 Pac. 921]; *Matter of Hughes,* 159 Cal. 360 [113 Pac. 684]; *Erickson* v. *Municipal Court,* 219 Cal. 737, 739 [29 Pac. (2d) 192].) In the last-cited case the following appears:

''If such tribunal has regularly pursued its authority, our inquiry stops. We cannot consider or correct errors of law committed by the inferior court in the exercise of its authority on the merits of the cause it has jurisdiction to entertain and decide. No matter how erroneous that decision may be, even on the face of the record, we have no power to change, annul, or reverse it in this proceeding, if that court had jurisdiction to act in the matter before it.''

■ In other words, the writ of *certiorari* cannot be used as a writ of error, or as a substitute for the remedy of appeal, to correct the errors, either of law or fact, committed by an inferior tribunal within the limits of its jurisdiction. (*Pacific Tel. & Tel. Co.* v. *Eshleman,* 166 Cal. 640 [137 Pac. 1119, Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652]; *Valentine* v. *Police Court,* 141 Cal. 615 [75 Pac. 336].)

The writ is denied.

Shenk, J., Thompson, J., Langdon, J., Curtis, J., and Seawell, J., concurred.