[L. A. No. 21455. In Bank. Oct. 17, 1950.]

ERNST KRAMER et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Emmet B. Hays for Petitioners.

Fred N. Howser, Attorney General, and William J. Power, Deputy Attorney General, for Respondent.

SHENK, J.—This is a proceeding in certiorari to annul an order denying a motion to set aside the decree of distribution in the matter of the estate of Bruno M. Kramer, deceased. The petitioners are nationals and residents of Germany.

The decedent died in Los Angeles County on March 12, 1948. The estate consisted entirely of community real and personal property. It was converted to liquid assets, and the residue after specific bequests and charges of administration amounted to approximately $60,000. By his will, admitted to probate on April 20, 1948, the decedent left one-half of the residue to his deceased wife and the other half to his own named relatives residing in eastern Germany.

The rights of the petitioners to take under the will are governed by the following provisions of section 259 of the Probate Code:

"The right of aliens not residing within the United States . . . to take real property in this State by succession or testamentary disposition, upon the same terms and conditions as residents and citizens of the United States is dependent in each case upon the existence of a reciprocal right upon the part of citizens of the United States to take real property upon the same terms and conditions as residents and citizens of the respective countries of which such aliens are residents and the right of aliens not residing in the United States . . . to take personal property in this State by succession or testamentary disposition, upon the same terms and conditions as residents and citizens of the United States is dependent in each case upon the existence of a reciprocal right upon the part of citizens of the United States to take personal property upon the same terms and conditions as residents and citizens of the respective countries of which such aliens are residents."

Section 259.1 provides that the burden is upon the non-resident aliens to establish the fact of existence of the reciprocal rights. Section 259.2 states that if such reciprocal rights are not found to exist and if no heirs other than such aliens are found eligible to take the property, it shall be disposed of as escheated property.

The constitutional validity of the foregoing provisions, applicable as of the date of the decedent's death, has been

upheld. (*Clark* v. *Allen,* 331 U.S. 503 [67 S.Ct. 1431, 91 L.Ed. 1633, 170 A.L.R. 953] ; *Estate of Knutzen,* 31 Cal.2d 573 [191 P.2d 747] ; *Estate of Bevilacqua,* 31 Cal.2d 580 [191 P.2d 752].) These cases also establish that it is proper in a probate proceeding to determine the rights of nonresident aliens to take under the testamentary disposition.

None of the German legatees appeared in the probate proceeding. In the petition for distribution filed on January 18, 1949, the executor alleged that no "reciprocal agreement" existed between the United States and Germany, and distribution was requested pursuant to section 259.2 of the Probate Code. On March 10, 1949, the court found in accordance with the executor's allegations and ordered distribution to the wife's heirs of one-half of the portion of the residue left to the German legatees and the other one-half to the State of California.

There was no appeal from the decree. Within six months after entry, on September 2, 1949, the petitioners moved pursuant to section 473 of the Code of Civil Procedure to set aside the decree as having been taken against them through their mistake, inadvertence, surprise or excusable neglect. The factors bearing on these elements were averred to be lack of knowledge by the petitioners other than that they were residuary legatees, and of surprise that the executor would take a position contrary to their interests; also lack of knowledge that they would be required to prove the reciprocal rights of German citizens residing abroad which the state's representative admits, at least as to realty, were incorporated in an existing treaty between the United States and Germany. (See *Clark* v. *Allen, supra,* 331 U.S. 503.) There was no averment that the notices required by law were not given, or were not received in sufficient time to make an appearance, or to participate in the probate proceeding, or to take an appeal from the decree of distribution. The statement of fact in that respect is that the notices required by law were not sent to the addresses specified in the will, nor to the actual addresses of the residuary legatees, but to addresses supplied from some unknown and unauthorized source. In regard to the time element, distance was also relied on.

Since the order denying the motion was nonappealable, the petitioners were in position to invoke the remedy afforded by the present proceeding. (Prob. Code, § 1240; *Howard* v. *Superior Court,* 25 Cal.2d 784, 787 [154 P.2d 849] ;

*Linstead* v. *Superior Court,* 17 Cal.App.2d 9, 11 [61 P.2d 355].) But the relief sought could be granted only if it be shown that the probate court in denying the motion to set aside the decree exceeded its jurisdiction. (Code Civ. Proc., § 1068; and cases hereinafter cited.) Under the authorities herein cited the probate court has jurisdiction to entertain the motion and to grant or deny the application in the exercise of its discretionary power. (Prob. Code, § 1233; Code Civ. Proc., § 473.)

It has been pointed out that on appeals from orders under section 473 the courts have been favorably disposed toward action on the part of the trial courts which would relieve from default and permit, rather than prevent, the adjudication of controversies on their merits; and that orders granting relief have rarely been reversed and then only for an abuse of discretion. (*Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal.2d 523, 525 [190 P.2d 593], and cases cited; see also *Reidy* v. *Scott,* 53 Cal. 69; *Mitchell* v. *California etc. S. S. Co.,* 156 Cal. 576 [105 P. 590], and *Brasher* v. *White,* 53 Cal.App. 545 [200 P. 657], where on appeal orders denying relief were reversed.) ■ In addition it is well settled that certiorari will not lie where the only excess of jurisdiction alleged relates to insufficiency of the evidence. (*Estate of Kay,* 30 Cal.2d 215, 218 [181 P.2d 1]; *Howard* v. *Superior Court, supra,* 25 Cal.2d at 789.) Here the probate court acted on the motion in the light of the facts stated in the affidavits claimed to constitute mistake, inadvertence, surprise or excusable neglect. Those statements comprised the evidence upon which the court based its order denying the motion. What the result might be on an appeal from such an order, or whether the decree of distribution might have been reversed on appeal if one had been taken, or what might be the equitable considerations in a proper action attacking the decree on available grounds, or what might be the result in an escheat proceeding, are not questions properly presented in this proceeding. The determinative factor here is that no reviewable basis is presented in the attack upon the probate court's exercise of its judicial power. It cannot be said that the court lacked jurisdiction to make the order based on the evidence before it and there is no contention that the court's action was on a ground not authorized by statute.

The order is affirmed.

Gibson, C. J., Edmonds, J., and Spence, J., concurred.

TRAYNOR, J.—I concur in the conclusion that certiorari does not lie to review the propriety of the order denying the motion to set aside the decree of distribution. A motion to set aside a judgment under section 473 is addressed to the sound discretion of the trial court and "it need hardly be added that on certiorari we do not review matters within the discretion of the lower court." (*Estate of Kay,* 30 Cal.2d 215, 226 [181 P.2d 1]; *Howard* v. *Superior Court,* 25 Cal.2d 784, 789 [154 P.2d 849]; *Spanach* v. *Superior Court,* 4 Cal.2d 447, 450 [50 P.2d 444].)

It is contended, however, that the decree of distribution must be set aside regardless of the adequacy of petitioners' showing of mistake, inadvertence, or surprise, for the reason that the probate court had no jurisdiction to enter such a decree. Thus, petitioners do not attack merely the order denying their motion under section 473; they invoke the writ of certiorari to support a collateral attack upon the decree of distribution. Certiorari will not lie for that purpose, for the probate court had jurisdiction to enter the decree and petitioners had a remedy by appeal.

The decree of distribution erroneously excluded petitioners from obtaining the real property under the will of decedent. The decree was appealable, however, and petitioners could have secured its reversal had they taken a timely appeal. (*Estate of Knutzen,* 31 Cal.2d 573, 577 [191 P.2d 747]; *Estate of Bevilacqua,* 31 Cal.2d 580, 582 [191 P.2d 752].) Certiorari will not lie when a remedy by appeal has been lost by the failure of the aggrieved party to avail himself of the remedy within the time permitted. (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 370 [217 P.2d 951].)

Moreover, certiorari will not lie to annul a decree of a court of competent jurisdiction for errors of fact or law in the entry of that decree. If the trial court has jurisdiction to determine a particular issue, it is not deprived of jurisdiction by an erroneous determination. The error must be asserted on appeal and not by petition for certiorari. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 287 [109 P.2d 942, 132 A.L.R. 715]; *Brock* v. *Superior Court,* 29 Cal.2d 629, 637 [177 P.2d 273, 170 A.L.R. 521]; *Estate of Kay,* 30 Cal.2d 215, 219, 220 [181 P.2d 1].) In the present case, the probate court had jurisdiction with respect to its decree of distribution to determine the persons entitled to decedent's property under the will and the laws of this state. Its decree was erroneous because of its failure to take judicial notice

of the 1923 treaty between Germany and the United States, which created the reciprocal rights of inheritance required by Probate Code, section 259. Failure to take judicial notice is error that may be asserted on appeal, but it is not jurisdictional. Certiorari is not a substitute for appeal. (*Howard* v. *Superior Court*, 25 Cal.2d 784, 787 [154 P.2d 849].) It will not lie "where the only excess of power complained of is the entering of an order unsupported by evidence" or based on an error of law. (*Estate of Kay*, 30 Cal.2d 215, 219 [181 P.2d 1]; *Abelleira* v. *District Court of Appeal, supra*; *Howard* v. *Superior Court, supra*, 789; *Brock* v. *Superior Court, supra*.)

The result of the decree of distribution is that petitioners are deprived of a share in the estate of decedent to which they were clearly entitled. The decree has become final, however, and is res judicata. Petitioners in effect contend that the doctrine of res judicata must be disregarded because of what they consider to be inequities arising out of the erroneous decree of distribution. Such a departure from res judicata throws into question the finality of any judgment and thus is bound to cause infinitely more injustice in the long run than it can conceivably avert in this case. I therefore concur in the affirmance of the order.

CARTER, J.—I dissent.

In this case a resident and citizen of this country died testate leaving property situated in this state to German nationals. The estate consisted in part of real property. The decree of distribution did not distribute any of the property to the alien devisees. They sought relief from that decree by motion under section 473 of the Code of Civil Procedure. Such relief was denied. As no appeal lies from the order of denial it can be reviewed as to "jurisdictional" questions by certiorari, and that is the present proceeding.

The majority hold that the denial order cannot be annulled because the court had jurisdiction under section 473 to consider and determine *factual* matters such as surprise, inadvertence, and excusable neglect. At least as to the real property there were *no factual* matters to be determined. The status of the aliens as such, and as devisees, is not disputed; nor is it disputed that a portion of the estate consisted of real property. If there existed an applicable treaty between Germany and this country it is controlling, regardless of section 259 of the Probate Code. There did exist such a treaty covering real property, and, as said in *Estate of Knut-*

*zen,* 31 Cal.2d 573, 577 [191 P.2d 747], when declaring the law as announced by the United States Supreme Court in *Clark* v. *Allen,* 331 U.S. 503 [67 S.Ct. 1431, 91 L.Ed. 1633, 170 A.L.R. 953] : ''The nonresident alien heirs were entitled *under the treaty* to sell the realty and withdraw the proceeds, and it is immaterial that the property was sold by the administrator, apparently to get funds to pay debts and expenses, instead of by those heirs. In either event, *they were entitled to share in the proceeds of the realty,* and the Alien Property Custodian was entitled to claim their shares by reason of the vesting order.'' (Emphasis added.)

The existence and terms of the treaty *need not be proven.* The probate court was bound to take judicial notice thereof. Our statute provides: ''Courts take judicial notice of the following facts : . . . (3) Public and private *official acts* of the *legislative, executive* and judicial departments of this state and *of the United States,* and the laws of the several states of the United States and the interpretation thereof by the highest courts of appellate jurisdiction of such states,'' (emphasis added) (Code Civ. Proc., § 1875 (3) ) and the authorities hold that courts take judicial notice of treaties. (See cases collected, Wigmore on Evidence, (3d ed.) vol. IX, § 2573, p. 556.) It is clear, therefore, that the court had no discretion but to grant relief, for it had rendered a decree of distribution contrary to the treaty—the supreme law of the land. A treaty is on a par with the Constitution as being the supreme law of the land.

The question is, therefore, whether an order may be annulled on certiorari which, on undisputed facts, is squarely contrary to constitutional mandate. In my opinion there can be no doubt about it. It is said in *Rescue Army* v. *Municipal Court,* 28 Cal.2d 460, 462 [171 P.2d 8] : ''The constitutionality of a statute or ordinance may be tested by prohibition on the ground that invalidity of the legislation goes to the jurisdiction of the court to proceed to try the case. (See *Whitney* v. *Superior Court,* 182 Cal. 114 [187 P. 12] ; *Levy* v. *Superior Court,* 105 Cal. 600 [38 P. 965, 29 L.R.A. 811] ; *Arfsten* v. *Superior Court,* 20 Cal.App. 269, 275 [128 P. 949] ; *cf. Broady* v. *Jennings,* 70 Cal.App. 647 [234 P. 120].) This rule is supported by the great weight of authority in other states. (See cases collected in 113 A.L.R. 796, 800; 42 Am. Jur. 168.) The same principle has been applied in cases where habeas corpus has been used to test the constitutionality of

an ordinance. . . . The fact that a trial court has no jurisdiction within the meaning of the term as used in *certiorari* and prohibition proceedings does not mean that a judgment based upon an unconstitutional statute is open to collateral attack. . . . In certiorari and prohibition proceedings the term jurisdiction has a very broad meaning, and a writ may be granted where the court has no jurisdiction to act except in a particular manner, even though it has jurisdiction, in the fundamental sense, over the subject matter and the parties. (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 287 et seq. [109 P.2d 942, 132 A.L.R. 715]; *Hill* v. *Superior Court*, 16 Cal.2d 527 [106 P.2d 876]; *Fortenbury* v. *Superior Court*, 16 Cal.2d 405 [106 P.2d 411].)'' Here the decree of distribution clearly ignored and failed to follow the treaty and the Constitution makes such treaty the supreme law of the land. Therefore, the decree is in violation of such supreme law. On the motion under section 473 the only permissible action by the trial court was to vacate the decree and order distribution in accordance with the treaty.

I would, therefore, grant the writ prayed for.

SCHAUER, J., Dissenting—I concur in the conclusion reached by Justice Carter. Under the circumstances shown here I think that the court had ''defined power'' to decide the crucial question in only one way. For a clear example and adequate discussion of the circumstances under which a probate court should properly be held to have exceeded its jurisdiction (''defined power'') see dissenting opinion in *Estate of Kay* (1947), 30 Cal.2d 215, 230 [181 P.2d 1], et seq.

Petitioners' application for a rehearing was denied November 13, 1950. Carter, J., and Schauer, J., voted for a rehearing.