[S. F. No. 18431. In Bank. Mar. 14, 1952.]

MARIE MARGARET MASCHIO FREDRICKSON, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; CAREW AND ENGLISH, INC., Real Party in Interest.

594

Sefton & Anderson and Seibert L. Sefton for Petitioner.

Heller, Ehrman, White & McAuliffe and Caspar Willard Weinberger for Respondents and Real Party in Interest.

CARTER, J.—This is a proceeding in certiorari to annul an order of the superior court sitting in probate vacating a decree settling the final account of the administratrix, ordering distribution and discharging the administratrix in the estate of Robert E. Maschio, deceased.

Maschio having died intestate, Marie Frederickson, as guardian of the estate of Esther Maschio, a minor daughter of the deceased, was issued letters of administration. Notice to creditors was duly given. Carew and English, a corporation, in due time and form presented to counsel for the administratrix its verified claim in the sum of $1,071, for the funeral expenses of the deceased. Apparently, the administratrix' name appears on the claim, but it is agreed that she did not approve it. The probate judge did approve it. It also appears that it was filed with the clerk. No notice of rejection of the claim was given. Counsel for the administratrix testified at the hearing on the motion later discussed herein that his office had sent the claim to decedent's sisters and he thought they had paid it. The claim has not been paid.

In proper time the administratrix filed her final account and petition for its settlement and distribution of the estate. It was not verified as required by section 922 of the Probate Code, nor did it contain a list of claims filed or presented as required by that section and section 921. In the account it was stated that all the claims had been paid and testimony to the same effect was given at the hearing on the account. On November 29, 1950, the court made its orders settling the account, distributing the estate and discharging the ad-

ministratrix. On May 28, 1951, and within six months of the order of settlement (see Code Civ. Proc., § 473), Carew and English made a motion to vacate those orders, stating as grounds in its notice of motion:

"1. That the . . . account filed herein . . . was not verified, as required by Section 922 of the Probate Code;

"2. That said account does not show all the claims filed or presented against said estate, as required by said Section 922 of the Probate Code;

"3. That CAREW & ENGLISH, INC., . . . duly presented a claim in the sum of $1,071.00 against the estate of said decedent within the time prescribed by law, and at the place designated in the Notice to Creditors; said claim is on file herein and purports to have been approved by said administratrix, and was allowed by the Court;

"4. That said claim was not paid or otherwise acted upon, and that no notice of rejection of said claim was served on claimant;

"5. On all the files, pleadings and papers herein;

"6. On oral testimony to be adduced at the hearing of the motion;

"7. That said Decree of Distribution and said Decree of Discharge are and each of them is void, for the reasons set forth in the grounds for this motion above stated."

At the hearing on the motion counsel for the administratrix testified as above mentioned. Counsel for Carew and English asserted that there had been a fraud on the court and stressed the lack of verification of the account and petition for distribution. The facts above mentioned were made to appear. The court expressed the view that that was "enough" for it and agreed there was a fraud on the court and stated: "It would be a fraud on the Court, and the person would be guilty of perjury." The court also said: "Well, even the six months would not bar you here—this is a fraud on the Court—it can be brought up at any time."

A minute order was made granting the motion and the administratrix seeks to have it annulled on certiorari, asserting that the court had no power to vacate the settlement as it is binding and conclusive on Carew and English.

With exceptions not here pertinent an order settling a final account is conclusive on unpaid creditors. (*Federal Farm Mtg. Corp.* v. *Sandberg,* 35 Cal.2d 1 [215 P.2d 721]; *Estate of Mailhebuau,* 218 Cal. 202 [22 P.2d 514]; *Estate of Fernandez,* 119 Cal. 579 [51 P. 851].) There must be

some legally recognized basis for vacating such a final order, and if there is none, the court acts in excess of its power in so acting. ■ With reference to the remedy by certiorari, it is settled that no appeal lies from the order of vacation as it is not listed as an appealable order in section 1240 of the Probate Code. (*Kramer* v. *Superior Court,* 36 Cal.2d 159 [222 P.2d 874] ; *Howard* v. *Superior Court,* 25 Cal.2d 784, 787 [154 P.2d 849].) Hence, the question of availability of appeal is not presented.

There is considerable discussion in the briefs as to whether the motion was made or granted under section 473 of the Code of Civil Procedure, a legally recognized method of vacating a final judgment on the grounds of inadvertence or excusable neglect, because of the failure of Carew and English to contest the settlement of the account and Carew and English here base their argument in support of the order of vacation on that section. It is true that the section was not mentioned in the notice of motion, but it does point at inadvertence and excusable neglect inasmuch as it details what happened, that the claim was filed, was on its face approved by the administratrix and judge but was not paid and no notice of rejection was given. At the hearing the facts were developed as heretofore set forth. There may have been more as the record on the hearing of the motion recites that "argument and discussion" followed, but does not state of what it consisted. ■ While proper notice of the hearing on the settlement of the account was given, we cannot say on this certiorari proceeding that the court lacked jurisdiction to give relief under section 473 insofar as the evidence of excusable neglect, etc., is concerned, because such relief (certiorari) "could be granted only if it be shown that the probate court in denying [or granting] the motion to set aside the decree exceeded its jurisdiction. (Code Civ. Proc., § 1068; and cases hereinafter cited.) ■ Under ·the authorities herein cited the probate court has jurisdiction to entertain the motion and to grant or deny the application in the exercise of its discretionary power. (Prob. Code, § 1233; Code Civ. Proc., § 473.)

■ ". . . that orders granting relief [under § 473] have rarely been reversed and then only for an abuse of discretion. . . . In addition it is well settled that certiorari will not lie where the only excess of jurisdiction alleged relates to insufficiency of the evidence. (*Estate of Kay,* 30 Cal.2d 215, 218 [181 P.2d 1].)" (*Kramer* v. *Superior Court,* 36 Cal.2d 159, 162 [222 P.2d 874].) ■ Also, "It need hardly be

added that on certiorari we do not review matters within the discretion of the lower court." (*Estate of Kay*, 30 Cal.2d 215, 226 [181 P.2d 874].)

The court had no power to and did not base its order of vacation on section 473, argues petitioner, because the inadvertence, excusable neglect, etc., were not set forth as grounds in the notice of motion, as required by section 1010 of the Code of Civil Procedure, no affidavits on that subject accompanied it and they were not invoked at the hearing. We have heretofore pointed out that the notice indicated that relief should be given on those grounds, and this should be sufficient, when we consider that this review is of jurisdictional error and only such defects may be considered. It is stated in the affidavit of counsel for Carew and English, filed here in opposition to the petition for the writ, that at the hearing on the motion petitioner was advised that the motion was made under section 473. That is not denied by petitioner. And at the hearing, discussions transpired which were not recorded. They may have shown that the motion was based on section 473. As far as appears, petitioner made no objection to the hearing of the motion on the grounds of mistake, excusable neglect, etc. Under these circumstances we cannot say that the court acted in excess of its jurisdiction. Moreover, the grounds under section 473 having been raised at the hearing, and no objection having been made by petitioner to the sufficiency of the notice of motion in that respect, the petitioner waived any such objection. (*Lohman* v. *Lohman*, 29 Cal.2d 144 [173 P.2d 657] ; *Mann* v. *Pacific Greyhound Lines*, 92 Cal.App.2d 439 [207 P.2d 105] ; *Hecq* v. *Conner*, 203 Cal. 504 [265 P. 180] ; *Simonini* v. *Jay Dee Leather Products Co.*, 85 Cal.App. 2d 265 [193 P.2d 53].)

Petitioner relies upon *Nason* v. *Superior Court*, 39 Cal.App. 448 [179 P. 454], and *Westphal* v. *Westphal*, 61 Cal.App.2d 544 [143 P.2d 405], for the proposition that the notice of motion limited the jurisdiction of the trial court to grounds other than section 473. In the Nason case the motion was made two years after the decree of distribution was entered and section 473 could not be applied. In the Westphal case the grounds urged on appeal were not urged in the trial court. Here, accepting petitioner's claim that the notice of motion was insufficient, the grounds were raised without objection in the trial court at the hearing on the motion.

Insofar as the lack of affidavits is concerned, assuming they must accompany a motion under section 473,

the failure to file them with the notice of motion is not a jurisdictional defect vulnerable in a certiorari review. (*Imperial Beverage Co.* v. *Superior Court,* 24 Cal.2d 627 [150 P.2d 881].)

The order vacating the decree is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Edmonds, J., concurred in the judgment.

Petitioner's application for a rehearing was denied April 3, 1952.