[Civ. No. 5193.   Fourth Dist.   Aug. 31, 1956.]

BOARD OF FIRE COMMISSIONERS OF THE LOWER SWEETWATER FIRE PROTECTION DISTRICT, Appellant, v. BOARD OF SUPERVISORS OF SAN DIEGO COUNTY et al., Respondents.

James S. Duberg for Appellant.

James Don Keller, District Attorney and County Counsel, and Joseph B. Harvey, Deputy, for Respondents.

BURCH, J. pro tem.*—This is an appeal from an order of the Superior Court of San Diego County dismissing an application for a writ of certiorari to review the action of the board of supervisors of said county in granting a petition to withdraw an area from the Lower Sweetwater Fire Protection District after a hearing upon a petition by the majority of the residents and freeholders of the area seeking to be allowed to withdraw.

The question presented for consideration is whether the board of supervisors, after hearing evidence on the petition, had the power to grant the request. The superior court dismissed the application after sustaining a demurrer thereto without leave to amend.

The application alleges that there was evidence before the board that the area sought to be withdrawn was contiguous and closer to the Bonita-Sunnyside Fire Protection District and that the residents and freeholders were desirous of joining that district. The two districts involved are in unincorporated areas and adjoin each other. They were organized under the provisions of section 14001 et seq. of the Health and Safety Code.

The proceedings had before the board of supervisors are those provided by sections 14250-14256 of that code. Any portion of a district which will not be benefited by remaining within the district may be withdrawn from the district (§ 14250). A majority of the persons who are both freeholders and residents within the portions sought to be withdrawn from the district may file a petition with the board of supervisors, requesting the withdrawal of that portion from the district on the ground that the portion will not be benefited by remaining in the district (§ 14251). The board of supervisors shall fix a time for hearing the petition and for hearing protests to the continuance of the remaining territory as a district (§ 14252). Any person interested may appear at the hearing and object to the withdrawal, or may object to the continuance of the remaining territory as a district (§ 14255). The board of supervisors shall consider and pass

*Assigned by Chairman of Judicial Council.

upon all objections, and if it finds that the portion of the district sought to be withdrawn will not be benefited by remaining within the district, and will not serve as a fire hazard to the remaining portion of the district, and that the territory not sought to be withdrawn will be benefited by continuing as a district, then it shall grant the petition (§ 14256).

The object implicit in these sections is to keep fire protection abreast of changing conditions in unincorporated areas, without violating the demands of justice to the residents and freeholders of an established district. The demands of changed conditions impart adjustments here as elsewhere. The board of supervisors is empowered as the tribunal to conduct the hearing, with notice to interested parties, and decide. The jurisdiction granted it is judicial. (*Birch* v. *Board of Supervisors*, 191 Cal. 235 [215 P. 903].) Its powers are statutory and its proceedings are *in invitum* and the board must act in the manner provided by statute, otherwise their action is void. (*Birch* v. *Board of Supervisors, supra.*) While the writ of certiorari is discretionary it will be granted where the board has exceeded its powers. (*Birch* v. *Board of Supervisors, supra.*)

These general propositions are conceded by the parties. The appellant narrows his objection to the board's action in finding on evidence revealed by the application that the petitioners for withdrawal will not be benefited by remaining in the district. In support of this objection, the petitioner argues that the withdrawal will result in loss of revenue to the district and an increase of burden in maintaining the district upon the remainder. These results must always necessarily follow when a portion of the territory is permitted to withdraw. Beyond the allegation that this natural and expected result would obtain here, there is no allegation that ''the territory not sought to be withdrawn will 'not be benefited by continuing as a district'.'' This is one of the grounds of the statute (§ 14256) for denying the petition to withdraw. Therefore, if it was to be considered on the application for a writ, that issue should have been presented to the superior court in the application. The application fails to present the issue. It is proper to deny the writ unless the application shows affirmatively the excess of jurisdiction. (*Marsh* v. *Superior Court*, 88 Cal. 595 [26 P. 962]; *Faulkner* v. *California Toll Bridge Authority*, 40 Cal.2d 317, 328, 329, 330 [253 P.2d 659].)

The abuse of discretion asserted here goes to another charge found in paragraph XIV. Following an allegation of evidence before the board as we have summarized above, the paragraph reads: "That by reason of the foregoing there was no evidence that the portion seeking withdrawal would not be benefited by remaining within the said district." ■ The demurrer brings before us as the evidence what is alleged in the petition. (*Burlingame* v. *Justice's Court*, 1 Cal.2d 71 [33 P.2d 669].) ■ However, ". . . '(i)t is well settled that certiorari will not lie where the only excess of jurisdiction alleged relates to insufficiency of the evidence. (*Estate of Kay*, 30 Cal.2d 215, 218 [181 P.2d 1].)' (*Kramer* v. *Superior Court*, 36 Cal.2d 159, 162 [222 P.2d 874].)" (*Fredrickson* v. *Superior Court*, 38 Cal.2d 593, 597 [241 P.2d 541].) Our question then is whether the superior court abused its discretion on this score.

■ The evidence discloses that the area in question was more accessible to another district. A finding could properly be based thereon that the area concerned was not benefited when considered in connection with available fire protection otherwise. An important element of the benefits of fire protection is that of accessibility, since time is of the essence in fire fighting. Such a finding comports with the overlying purpose of the legislation. A narrower interpretation of benefit, as that term is used in the statute, would be to thwart the essential purpose of the statutes. For these reasons we believe the board acted within its power and the court properly denied the writ and sustained the demurrer without leave to amend.

The order is affirmed.

Barnard, P. J., and Mussell, J., concurred.